UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| IMANOL PINEDA PENALOZA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 20-216-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. GILLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate and Petitioner Imanol Pineda Penaloza is currently confined at the Federal Correctional Institution ("FCI")-Manchester, in Manchester, Kentucky. Proceeding without an attorney, Penaloza has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Penaloza has not paid the $5.00 filing fee, nor has he filed a motion to proceed *in forma pauperis*. Even so, after conducting the initial screening required by 28 U.S.C. § 2243, the Court will dismiss this matter because Penaloza may not bring his claims in a § 2241 petition.[1]

In March 2018, a federal grand jury charged Penaloza with one count of conspiracy to distribute five kilograms or more of a mixture or substance containing a detectable

---

[1] Petitions filed under § 2241 are subject to initial screening as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); and one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 18 U.S.C. § 841(a)(1) (Count 2). On May 23, 2018, a jury found Penaloza guilty of both counts. On August 24, 2018, he was sentenced to a term of imprisonment of 340 months on each Count, to run concurrently. Penaloza's appeal of his conviction and sentence to the United States Court of Appeals for the Sixth Circuit was denied on August 2, 2019, and the mandate was issued on September 12, 2019. Penaloza filed a petition for writ of certiorari with the United States Supreme Court, which was denied by a letter dated November 12, 2019, and filed by the Sixth Circuit on December 5, 2019. *See United States v. Penaloza*, 5:18-cr-030-DCR-1 (E.D. Ky.).

Penaloza has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to challenge his conviction and sentence. He raises several claims including ineffective assistance of counsel and prosecutorial misconduct, as well as challenges to the basis for his sentence, the sufficiency of the evidence supporting his conviction, the jury instructions, and the validity of a search warrant. [Record No. 1] Penaloza seeks to bring his claims in a § 2241 petition because he states that the 1-year deadline within which he may file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 has expired.

A federal prisoner generally may not use a § 2241 petition to challenge his conviction or sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a

§ 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). Here, Penaloza claims that § 2255 is "inadequate or ineffective" because the 1-year deadline within which he could file such a motion has expired. [Record No. 1 at p. 3] However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Thus, Penaloza may not raise his claims in a § 2241 petition simply because a § 2255 motion would be untimely.

Moreover, despite Penaloza's statement to the contrary, he may still file a motion to vacate pursuant to § 2255, thus he cannot clear the hurdle of establishing that he had no prior opportunity to bring his claim for relief. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019) ("[A] federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief."). Penaloza was sentenced on August 24, 2018, and his Judgment of Conviction was entered on August 27, 2018. *See United States*

*v. Penaloza*, 5:18-cr-030-DCR-1 (E.D. Ky.) at Record No. 77, 81. Penaloza's direct appeal was denied by the United States Court of Appeals for the Sixth Circuit on August 2, 2019, and the mandate was issued on September 12, 2019. *Id*. at Record No. 110, 112. Penaloza's petition for writ of certiorari was denied by the United States Supreme Court on November 12, 2019. *Id*. at Record No. 114.

Section 2255(f)(1) provides Penaloza with at least one year from the date on which his judgment of conviction becomes final within which to file a § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citation omitted). Where a defendant pursues "his direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case." *Id*. *See also Clay v. United States*, 537 U.S. 522, 527 (2003) (citations omitted). Because Penaloza has one year from the date on which the Supreme Court denied his petition for writ of certiorari within which to file a § 2255 motion, his time for doing so has not yet expired. Thus, Penaloza cannot show that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he may still bring his claims in a § 2255 motion.

In summary, Penaloza may not rely upon the "savings clause" of § 2255(e) to pursue his claims in a § 2241 petition. Accordingly, the Court hereby

**ORDERS** as follows:

1.  Penaloza's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.  A corresponding judgment will be entered this date.

Dated: October 30, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky